UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Shadae Terrones,<br><br>       Plaintiff,<br>   v.<br><br>Everest Receivable Services, Inc.; and DOES 1-10, inclusive,<br><br>       Defendants. | : Civil Action No.: 3:15-cv-01766<br>:<br>: COMPLAINT<br>:<br>: December 1, 2015 |

For this Complaint, Plaintiff, Shadae Terrones, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     Plaintiff, Shadae Terrones ("Plaintiff"), is an adult individual residing in Waterbury, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Everest Receivable Services, Inc. ("Everest"), is a New York business entity with an address of 352 Sonwil Drive, Cheektowaga, New York 14222, operating as a collection agency, and is a "debt collector" as the

term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Everest and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Everest at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Everest for collection, or Everest was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Everest Engages in Harassment and Abusive Tactics

12. In December 2014, Everest called Plaintiff in an attempt to collect the Debt.

13. Plaintiff spoke with Everest on December 3, 2014. The collector with whom Plaintiff spoke told Plaintiff that she was calling on behalf of Everest's "pre-legal department."

14. The collector initially told Plaintiff that an attorney had not yet reviewed the matter, but that her "client" might refer the Debt to an attorney for collection.

15. Thereafter, during the same conversation, the collector told Plaintiff that "at this point" the Debt "is going to be forwarded over to an attorney in Hartford county." However, at the very same time the collector claimed that Plaintiff could "prevent [the Debt] from going to an attorney" by immediately entering into a payment plan with Everest.

16. At that time, Plaintiff told the collector that she was unemployed and that her sole source of income was unemployment benefits. Plaintiff asked the collector if Everest was able to garnish her unemployment benefits to collect the Debt.

17. The collector responded that she "could not speak for any attorney" and that she was "not in control" of garnishment, but claimed that she was trying to "prevent it from going into attorney hands."

18. As a result of the collector's confusing and conflicting statements regarding the Debt and whether legal action would be taken against her, Plaintiff agreed to enter into a payment plan with Everest in order to prevent legal action regarding the Debt.

C. <u>Plaintiff Suffered Actual Damages</u>

19. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

20. As a direct consequence of Defendants' acts, practices and conduct,

3

**Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.**

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

**21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**22.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.**

**23.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.**

**24.     Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with garnishment if the Debt was not paid.**

**25.     Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action against Plaintiff, without actually intending to do so.**

**26.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.**

**27.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.**

**28.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.**

**29.     Plaintiff is entitled to damages as a result of Defendants' violations.**

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,
### Conn. Gen. Stat. § 42-110a, *et seq.*

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

32. Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

33. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 1, 2015

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.

**LEMBERG LAW L.L.C.**
**1100 Summer Street, 3rd Floor**
**Stamford, CT 06905**
**Telephone: (203) 653-2250**
**Facsimile:   (203) 653-3424**
**Attorney for Plaintiff**